**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DIEGO TOVAR, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:09-1169 |
| v. | : | (CALDWELL, D.J.) |
| | | (MANNION, M.J.) |
| KERT WATKINS, *et al.*, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

Pending before the court are the following: (1) a motion to dismiss the plaintiff's complaint brought on behalf of defendant William Baldwin, (Doc. No. 24); (2) an amended motion to dismiss the plaintiff's complaint filed on behalf of defendant Frederick Fanelli, (Doc. No. 31); (3) a motion to dismiss the plaintiff's complaint brought on behalf of defendant Jeffrey Markosky, (Doc. No. 34), (4) a motion to dismiss the plaintiff's complaint brought on behalf of defendants Schuylkill County District Attorney's Office, Anthony Carroll, Dennis Clark, Schuylkill County Sheriff's Office, Gene Berdanier, David Wapinsky, Michael Flannery, Schuylkill County Public Defender's Office, Schuylkill County Clerk of Courts, Kent Watkins, and James Goodman, ("Schuylkill County Defendants"), (Doc. No. 38); and (5) a motion to dismiss the plaintiff's complaint brought on behalf of defendant Brandon Piekarsky, (Doc. No. 42). The plaintiff has failed to oppose any of these motions. The court will, however, review the motions pursuant to Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

By way of relevant background, on June 19, 2009, the plaintiff, a former inmate at the Schuylkill County Prison[1], filed the instant action pursuant to 42

---

[1]After having received returned mail sent to the plaintiff, the court
(continued...)

U.S.C. §1983. He names the following as defendants in this action: Kent Watkins, a member of the Schuylkill County Public Defender's Office; James Goodman, the District Attorney for Schuylkill County; Jeffery Markosky, a private attorney in Schuylkill County representing a defendant in the homicide case of Luis Ramirez; Frederick Fanelli, a private attorney in Schuylkill County representing a defendant in the homicide case of Luis Ramirez; "Unknown Attorney", a private attorney in Schuylkill County representing a defendant in the homicide case of Luis Ramirez; Brandon Piekarsky, a defendant in the homicide case of Luis Ramirez; Tammy Piekarsky, the mother of Brandon Piekarsky; William Baldwin, President Judge, Schuylkill County Court of Common Pleas; the Schuylkill County Clerk of Court's Office; the Schuylkill County District Attorney's Office; Anthony Carroll, Chief County Detective for the Schuylkill County District Attorney's Office; Dennis Clark, a detective for the Schuylkill County District Attorney's Office; the Schuylkill County Sheriff's Office; Gene Berdanier, Warden of the Schuylkill County Prison; David Wapinsky, Deputy Warden of the Schuylkill County Prison; Michael Flannery, Captain of the Schuylkill County Prison; and the Schuylkill County Public Defender's Office.

Upon review of the complaint, the plaintiff alleges that his constitutional rights were violated in relation to his questioning regarding the murder of Luis Ramirez in Shenandoah, Pennsylvania. Specifically, on August 15, 2008, the plaintiff alleges that he was arrested and incarcerated at the Schuylkill County

---

[1](...continued)
learned that the plaintiff was paroled from the Schuylkill County Prison to the custody of the Bureau of Immigration and Customs Enforcement, ("ICE"), on October 9, 2009. The plaintiff, however, failed to inform the court of his status or whereabouts. Through further inquiry, the court has learned that the plaintiff is currently confined at USP-Allenwood.

2

Prison by members of the Shenandoah Police Department[2]. Upon being arrested, the plaintiff claims that his personal property, including his cell phone, was taken from him, and that his phone records were later used at the Ramirez homicide trial. Upon arriving at the Schuylkill County Prison after his arrest, the plaintiff alleges that he was placed in a single cell until he could be questioned by detectives.

On August 19, 2008, the plaintiff alleges that he was questioned by defendants Carroll and Clark about the murder of Mr. Ramirez. He claims that he was never read his rights, was repeatedly denied requested counsel, and was informed that he had no rights because he is an illegal immigrant. After questioning, he was apparently placed into the general population at the Schuylkill County Prison where he alleges that he was housed with three other individuals and made to sleep on the floor using a three-inch thick mattress.

The plaintiff claims that he was later subpoenaed for a "conference/hearing" on February 17, 2009. At that hearing, the plaintiff alleges that he was interrogated by "Detectives, ADA, Piekarsky, Piekarsky's mom, Jeff Marcusky, Fred Fanelli, and unknown attorney." He alleges that his "testimony" was videotaped and stenographed.

---

[2]The plaintiff's arrest was apparently unrelated to the Ramirez homicide. Records from the Court of Common Pleas of Schuylkill County indicate that the plaintiff was arrested on two separate matters on August 15, 2009. The first apparently took place on July 31, 2008. For this offense, the plaintiff was charged with two counts of stalking, defiant trespass, loitering and prowling at night, and two counts of harassment. See Commonwealth v. Tovar, Docket No. CP-54-CR-0001804. For the second offense, which occurred on August 1, 2008, the plaintiff was charged with burglary, criminal trespass, theft by unlawful taking, receiving stolen property, and resisting arrest. See Commonwealth v. Tovar, Docket No. CP-54-CR-0001805.

3

Subsequently, the plaintiff alleges that he was given clothing to wear for trial[3]. He apparently told defendants Carroll and Flannery that he did not want to wear the clothes, but was informed that he had to do so because his own clothing was "gang" related.

Also contained in the complaint is the plaintiff's claim that he was held in the Schuylkill County Prison from August 15, 2008, through April 23, 2009; that on December 2, 2008, he was "made to accept [a] plea agreement" and was sentenced on April 23, 2009, to thirty days to twelve months of incarceration; and that he was never given credit for the time he had spent in prison awaiting his sentence. During this time, the plaintiff alleges that he was entitled to bail, but that his counsel, defendant Kent Watkins, never filed the proper paperwork.

Finally, the plaintiff claims that he is not being held in an INS approved facility, and that the facility has no legal materials relating to immigration matters. As a result, he requests that he be paroled to an INS jail[4].

Based upon the foregoing allegations, the plaintiff is seeking compensatory and punitive damages, as well as declaratory and injunctive relief.

The defendants' motions to dismiss are brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which

---

[3]The plaintiff does not specify whether the clothing was for use in his own criminal trial or the Ramirez homicide trial. Regardless, it is of no consequence for purposes of the instant action.

[4]This issue is apparently moot in light of the plaintiff's parole to ICE custody on October 9, 2009.

4

relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

  In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d

5

1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

With the above standard in mind, the court begins with the motion to dismiss the plaintiff's complaint filed on behalf of defendant Baldwin. (Doc. No. 24). In his motion, defendant Baldwin argues, *inter alia*, that the plaintiff has failed to set forth any specific claims of personal involvement against him and that, as the President Judge of the Court of Common Pleas of Schuylkill County, he is entitled to immunity with respect to any claims which may be raised against him.

In order to state a claim under §1983, the plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by

6

the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v. Lower Merion School District, 132 F.3d 902 (3d Cir. 1997); Maine v. Thiboutot, 448 U.S. 1 (1980). Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Here, other than naming William Baldwin as a defendant in this case, the plaintiff has failed to set forth any specific claims against him which would indicate that he was personally involved in a violation of the plaintiff's constitutional rights. Therefore, the plaintiff's complaint fails to state a claim with respect to defendant Baldwin.

Moreover, judges are immune from liability when (1) the judge has jurisdiction over the subject matter; and (2) is performing a judicial act. Mireles v. Waco, 502 U.S. (1991); Stump v. Sparkman, 435 U.S. 349 (1978). Immunity applies regardless of whether the actions complained of are alleged to have been in error, performed with malice, in excess of the judge's authority, or even if they are claimed to have been performed as a result of an alleged conspiracy with others. Stump v. Sparkman, supra; Dennis v. Sparks, 449 U.S. 24 (1980). The rationale behind the doctrine is that, not only would it be manifestly unfair to expose judicial officers to the dilemma of being required to render judgment while at the same time being held financially responsible according the judgment of others, but also that the doctrine is

7

essential to the preservation of an independent judiciary which will not be deterred by fear of vexatious suits and personal liability. See Bradley v. Fisher, 80 U.S. 335 (1872).

Thus, to the extent that the plaintiff has named defendant Baldwin in his capacity as the President Judge of the Court of Common Pleas of Schuylkill County, his claim would be barred by the doctrine of judicial immunity. Defendant Baldwin's entitlement to judicial immunity would render futile any attempt by the plaintiff to amend his complaint. Therefore, defendant Baldwin's motion to dismiss should be granted.

Next, the court considers the amended motion to dismiss brought on behalf of defendant Fanelli. (Doc. No. 31). Mr. Fanelli argues that, as a private individual, he is not amenable to suit pursuant to §1983.

As set forth above, in order to state a claim pursuant to §1983, the plaintiff must establish that the defendant was a state actor. Here, the plaintiff specifically alleges that defendant Fanelli was a private attorney, and there is no indication from the plaintiff's complaint that defendant Fanelli was acting on behalf of the state at the plaintiff's questioning on February 17, 2009. Private attorneys performing their traditional functions are not considered to act under color of state law for purposes of §1983. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir.1999); see also Polk County v. Dodson, 454 U.S. 312, 318 (1981). As any attempt by the plaintiff to amend his complaint against defendant Fanelli would be futile because he is not a state actor, defendant Fanelli's amended motion to dismiss the plaintiff's

8

complaint should be granted.

With respect to defendant Markosky, he too brings a motion to dismiss the plaintiff's complaint on the basis that he is a private attorney and has no state affiliation. (Doc. No. 34). The plaintiff sets forth the same allegations against defendant Markosky as he did against defendant Fanelli. For the reasons previously stated with respect to defendant Fanelli, defendant Markosky's motion to dismiss should also be granted[5].

Next, is the matter of the motion to dismiss brought on behalf of the Schuylkill County Defendants. (Doc. No. 38). The Schuylkill County Defendants initially argue that the plaintiff's complaint should be dismissed with respect to defendants James Goodman, Schuylkill County District Attorney's Office, Gene Berdanier, David Wapinsky, Schuylkill County Public Defender's Office, and the Schuylkill County Clerk of Courts because the plaintiff has failed to set forth any substantive claims against them. The court agrees. Other than naming these individuals/entities as defendants in the complaint, the plaintiff has failed to set forth any substantive allegations against these defendants which would indicate any involvement in an alleged

---

[5]Regarding the defendant listed as "Unknown Attorney," the plaintiff has failed to either identify or effect service within the time limit set forth in Fed.R.Civ.P. 4(m). Therefore, the instant action should be dismissed with respect to this defendant with the instant report serving as the required notice to the plaintiff. In the alternative, even if the complaint were not dismissed with respect to this defendant for failure to timely effect service, the plaintiff has alleged that this defendant was also a private attorney. Therefore, for the reasons set forth in the discussion of defendants Fanelli and Markosky, the complaint should also be dismissed with respect to the "Unknown Attorney."

violation of the plaintiff's constitutional rights. Moreover, for the reasons set forth below, any attempt to amend the complaint by the plaintiff with respect to these defendants would be futile. As such, the Schuylkill County Defendants' motion to dismiss should be granted with respect to these defendants.

Initially, Mr. Goodman would enjoy absolute prosecutorial immunity from liability under §1983 for actions in initiating prosecution and presenting the government's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409 (1976); Henderson v. Fisher, 631 F.2d 1115 (3d Cir. 1980); Esteves v. Brock, 106 F.3d 674 (5th Cir. 1997); Hill v. City of New York, 45 F.3d 653 (2d Cir. 1995)( prosecutorial immunity from §1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with prosecutor's function as advocate).

Moreover, with respect to the defendant Schuylkill County Public Defender's Office, the Schuylkill County District Attorney's Office, the Schuylkill County Sheriff's Office[6], and the Schuylkill County Clerk of Court's

---

[6]In addition, the Schuylkill County Defendants argue that the plaintiff's complaint should be dismissed with respect to the Schuylkill County Sheriff's Office because the only allegation with respect to this defendant is that the Sheriff's Office stated to the press that they were unsure if the plaintiff was an illegal immigrant. The court agrees that such a claim, which is apparently true, can not rise to the level of a constitutional violation, and allowing an opportunity to amend would be futile, as no constitutional violation could be alleged. Therefore, the Schuylkill County Defendants' motion can also be granted on this basis as well.

Office[7], it is well-settled that, in §1983 actions, a governmental entity is not vicariously liable for the actions of its employees; liability under §1983 requires direct involvement in the violation of constitutional rights. See Polk County v. Dodson, supra; Monell v. Department of Soc. Servs., 436 U.S. 658, 688-91 (1978). In the case of government agencies, this means that liability arises only when the constitutional deprivation arises from an official custom or policy or a failure to train, discipline or control its employees amounting to deliberate indifference to the rights of the individuals with whom the employees have contact. See Monell, 436 U.S. at 690-91; City of Canton v. Harris, 489 U.S. 378, 388 (1989); Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir.1997). A generous reading of the complaint in the instant action reveals no such allegations against the aforementioned defendants.

Finally, with respect to defendant Berdanier, the Warden at the Schuylkill County Prison, and defendant Wapinsky, the Deputy Warden at the Schuylkill County Prison, it would appear that these defendants have been named only on the basis of their supervisory positions. Relief cannot be granted against a defendant pursuant to §1983 based solely on the theory of

---

[7]Moreover, the Schuylkill County Clerk of Court would be entitled to the cloak of judicial immunity when performing acts which are judicial in nature and integral to the judicial process. See Waits v. McGowan, 516 F.2d 203, 205-06 (3d Cir.1975); Smith v. Rosenbaum, 460 F.2d 1019, 1020 (3d Cir.1972) (per curiam); Robinson v. McCorkle, 462 F.2d 111, 113 (3d Cir.), cert. denied, 409 U.S. 1042 (1972). Therefore, the plaintiff's complaint can be dismissed with respect to the Schuylkill County Clerk of Court on this basis as well.

11

respondeat superior or the fact that the defendant was the supervisor or superior of the person whose conduct actually deprived the plaintiff of one of his federally protected rights under color of state law. Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976); Goode v. Rizzo, 506 F.2d 542, 550 (3d Cir. 1974), rev'd on other grounds, Rizzo v. Goode, 423 U.S. 362 (1976).

In addition to the above defendants, the Schuylkill County Defendants also argue that the plaintiff's complaint should be dismissed with respect to defendant Watkins because, as a public defender, he is not a state actor amenable to suit pursuant to §1983.

Here, the plaintiff's complaint alleges that he was entitled to early bail, but that defendant Watkins never filed the proper paperwork. He further alleges that defendant Watkins violated the code of civility by failing to refrain from acting upon or manifesting racial, gender or other bias or prejudice toward the plaintiff. The Supreme Court has held that court appointed counsel, including public defenders, do not act "under color of state law" when performing a traditional lawyer's function as counsel to a defendant and, therefore, are not amenable to suit under §1983. Polk County v. Dodson, supra. See also Brown v. Joseph, 463 F.2d 1046 (3d Cir. 1976) cert. denied, 412 U.S. 950 (1973); Borsello v. Leach, 737 F.Supp. 5 (E.D.Pa. 1990). As any attempt to amend the complaint with respect to defendant Watkins would be futile, the Schuylkill County Defendants' motion to dismiss should be granted with respect to defendant Watkins.

12

With respect to defendants Carroll and Clark, the plaintiff alleges that these defendants questioned him about the homicide of Luis Ramirez without having informed him of his rights. Although he requested counsel, the plaintiff alleges that he was told that he was not entitled to counsel because he was an illegal immigrant. The plaintiff further alleges that he was subpoenaed and interrogated by these defendants on February 17, 2009.

It appears from the complaint that the plaintiff was questioned only as a potential <u>witness</u> in the Ramirez homicide case and was <u>not</u> a suspect nor has he ever been charged with respect to that criminal proceeding. The questioning of the plaintiff as a witness without counsel does not rise to the level of a constitutional violation. U.S.CONST. amend. VI ("[i]n all **criminal prosecutions**, the **accused** shall enjoy the right . . . to have the Assistance of Counsel for his defense.")(emphasis added)). The Sixth Amendment right to counsel does not attach until the initiation of formal criminal proceedings. <u>See</u> James v. York County Police Dep't, 160 Fed. Appx. 126, 131-32 (3d Cir. 2005); <u>see</u> also Brewer v. Williams, 430 U.S. 387, 398 (1977); United States v. Gouveia, 467 U.S. 180, 187-88 (1984) ("[A] person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him . . . whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.").

Moreover, to the extent that the plaintiff alleges that he was not read his rights prior to questioning, a plaintiff may not base a §1983 claim on the mere fact that the police questioned him without providing <u>Miranda</u> warnings when

13

there is no claim that the plaintiff's answers were used against him at trial. [Renda v. King, 347 F.3d 550, 552 (3d Cir. 2003)](citing Chavez v. Martinez, 538 U.S. 760 (2003); Giuffre v. Bissell, 31 F.3d 1241 (3d Cir.1994)).

As the plaintiff has failed to state any constitutional violation with respect to defendants Carroll and Clark and any attempt to amend the complaint with respect to these defendants would be futile, the Schuylkill County Defendants' motion to dismiss should be granted with respect to them as well.

The Schuylkill County Defendants also argue that the plaintiff's complaint should be dismissed with respect to defendant Flannery. The only allegation set forth against defendant Flannery is that he provided the plaintiff with clothing which the plaintiff did not wish to wear to a hearing. Again, this claim does not rise to the level of a constitutional violation, and allowing an opportunity to amend would clearly be futile. As such, the Schuylkill County Defendants' motion should also be granted with respect to defendant Flannery[8].

Additionally, the Schuylkill County Defendants argue that, to the extent that the plaintiff challenges the facts and circumstances surrounding the entry of his guilty plea, his incarceration, or his sentence, his claims are barred

---

[8]In addition to the plaintiff's failure to set forth constitutional violations with respect to each of the defendants, the Schuylkill County Defendants argue that the plaintiff's complaint can also be dismissed pursuant to 42 U.S.C. §§1997e(a), (e). Although unnecessary in light of the fact that the court agrees that the plaintiff has failed to state a constitutional violation with respect to any of the defendants, the court notes that these bases also appear to be well-taken.

pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). "Under *Heck [v. Humphrey,* 512 U.S. 477 (1994)], a [civil rights] action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by [state or federal] collateral proceedings." *Gilles v. Davis*, 427 F.3d 197, 208-09 (2005). Given that the plaintiff's conviction has not been overturned or impaired[9], any civil rights claim relating thereto must be dismissed. Therefore, the Schuylkill County Defendants' motion to dismiss should be granted on this basis as well.

For all of the foregoing reasons, the Schuylkill County Defendants' motion to dismiss should be granted in its entirety without leave to amend by the plaintiff.

With regard to the motion to dismiss the plaintiff's complaint brought on behalf of defendant Piekarsky, (Doc. No. 42), the plaintiff alleges that Mr. Piekarsky is a private individual, who was a defendant in the criminal matter relating to the homicide of Mr. Ramirez. Again, there is no indication from the plaintiff's complaint that defendant Piekarsky is a state actor. Because there are no facts which can bring Mr. Piekarsky within the scope of §1983, allowance to amend would be futile. As such, defendant Piekarsky's motion to dismiss should be granted.

Finally, as a remaining matter, no service has been effected upon defendant Tammy Piekarsky. By order dated September 8, 2009, the court

---

[9]The plaintiff indicates in his complaint that he currently has pending a post conviction petition.

directed that the plaintiff provide a proper address for Tammy Piekarsky so that service could be made. The plaintiff was advised that failure to supply a current address for Tammy Piekarsky would result in a recommendation that she be dismissed from the instant action. As of the date of this report, the plaintiff has failed to provide a service address for Tammy Piekarsky. In addition to the failure to effectuate service, even the most liberal viewing of the complaint fails to supply an inkling of evidence indicating that Tammy Piekarsky was a state actor. As such, the court recommends that Tammy Piekarsky be dismissed from this action.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the motion to dismiss the plaintiff's complaint brought on behalf of defendant William Baldwin, **(Doc. No. 24)**, be **GRANTED**;

**(2)** the amended motion to dismiss the plaintiff's complaint filed on behalf of defendant Frederick Fanelli, **(Doc. No. 31)**, be **GRANTED**;

**(3)** the motion to dismiss the plaintiff's complaint brought on behalf of defendant Jeffrey Markosky, **(Doc. No. 34)**, be **GRANTED**;

**(4)** the motion to dismiss the plaintiff's complaint brought on behalf of the Schuylkill County Defendants, **(Doc. No. 38)**, be **GRANTED**;

**(5)** the motion dismiss the plaintiff's complaint brought on

behalf of defendant Brandon Piekarsky, **(Doc. No. 42)**, be **GRANTED**; and

**(6)** Tammy Piekarsky be **DISMISSED** from the instant action for the reasons sated herein.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** January 5, 2010
O:\shared\REPORTS\2009 Reports\09-1169-01.wpd